**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CHARLES E. WRIGHT and
DIANE R. WRIGHT

Plaintiff(s),

vs.                                                              Case No: 8:14-cv-2298-T-33TGW

SELECT    PORTFOLIO    SERVICING,
INC.; THE BANK OF NEW YORK
MELLON f/k/a The Bank of New York, as
Successor-in-Interest to JPMorgan Chase
Bank, N.A. as Trustee for Bear Stearns
Asset Backed Securities, Bear Stearns
Alta-A Trust, Mortgage Pass Through
Certificates    Series    2006-2;    and
MORTGAGE             ELECTRONIC
REGISTRATION SYSTEMS, INC.

Defendant(s).
_____

**PLAINTIFFS' AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff(s), CHARLES E. WRIGHT and DIANE WRIGHT, (hereafter "Plaintiffs" or

"Wrights") by and through their undersigned attorney, sues Defendant(s): SELECT

PORTFOLIO SERVICING, INC.; THE BANK OF NEW YORK MELLON f/k/a The

Bank of New York, as Successor-in-Interest to JPMorgan Chase Bank, N.A. as Trustee

for Bear Stearns Asset Backed Securities, Bear Stearns Alta-A Trust, Mortgage Pass

Through    Certificates    Series    2006-2;    and    MORTGAGE    ELECTRONIC

REGISTRATIONS SYSTEMS and hereby state in support as follows:

**I. INTRODUCTION**

## CLAIM FOR RELIEF

1.     This suit involves count(s) against the Defendant(s) under the Fair Debt Collection Practices Act [hereinafter "FDCPA"] 15 U.S.C. §1692(c)(a)(2) and §1692(e); the Florida Consumer Collection Practices Act [hereinafter "FCCPA"]  §§ 559.72 and 559.715; the Federal Truth in Lending Act [hereinafter "TILA"] 15 U.S.C. § 1641(g)(1) and Federal Racketeer Influenced and Corrupt Organizations Act [hereinafter "RICO] under 18 U.S.C. § 1962-68; (specifically mail fraud, 18 U.S.C. § 1341 and wire fraud 18 U.S.C. § 1343) and conspiracy of RICO under 18 U.S.C. § 1962(d).  Plaintiffs, CHARLES WRIGHT and DIANE WRIGHT are entitled to relief as consumer(s) and victims of racketeering scheme under: 15 U.S.C. § 1692(k); 15 U.S.C. § 1640; 18 U.S.C. § 1964(c); and Florida Statute § 559.77.  The relief sought is injunctive relief, statutory damages, actual damages, attorney's fees & costs pursuant to the FDCPA and FCCPA against both SELECT PORTFOLIO SERVICING, INC.; THE BANK OF NEW YORK MELLON; Punitive Damages pursuant to the FCCPA against THE BANK OF NEW YORK MELLON; Treble damages and attorney's fees and costs pursuant to RICO against THE BANK OF NEW YORK MELLON and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; and statutory damages, actual damages and attorney's fees & costs in relation to TILA violation by BANK OF NEW YORK MELLON. Violations stem from either **(A)** an improperly filed State foreclosure suit for possession of real property which included an attempt to collect a consumer debt (deficiency judgment) by assertion of a legal right that did not exist at the time; or **(B)** other violation(s) in an attempt to collect a consumer debt for which Defendants had knowledge of attorney representation or could have easily ascertained the WRIGHTS' attorney representation.

## II. JURISDICTION AND VENUE

2.   This Court has jurisdiction to grant relief pursuant to 15 U.S.C. § 1692k(d); Fla. Stat. § 559.55 et seq.; and 18 U.S.C. § 1965.

3.   Venue is proper in Hillsborough County, Florida, pursuant to Fla. Stat. § 47.011; § 47.051; and U.S.C. § 1965 as the claims arose from acts of Defendant perpetrated therein.

## III. PARTIES

4.   Plaintiffs, CHARLES E. WRIGHT and DIANE R. WRIGHT are residents and citizens of Hillsborough County, Florida whose principal residence is located at **96 Adalia Avenue, Tampa, Florida 33606**.

5.   Defendant **SELECT PORTFOLIO SERVICING, INC.,** [hereinafter "SPS"] is incorporated as a foreign company in Florida with a principal place of business at 3815 S. West Temple, Salt Lake City, UT 84115.  Its registered agent for service of process is CORPORATION SERVICE COMPANY, 1201 Hays Street, Tallahassee, FL 32301.

6.   Defendant, SPS is registered in the state of Florida as a debt collector/ consumer collection agency.

7.   **THE BANK OF NEW YORK MELLON** [hereinafter "BNYTRUST"] is not a registered debt collector with the State of Florida Office of Financial Regulation nor is it registered as a foreign corporation with the Florida Department of State Division of Corporations. Bank of New York Mellon is a National Bank registered with the Federal Deposit Insurance Corporation (FDIC) with an address One Wall Street, New York, NY 10286.

8. Defendant, **MORTGAGE ELECTRONIC REGISTRATIONS SYSTEMS, INC.,** is a foreign for profit corporation registered to do business in the State of Florida with a registered agent of: C T CORPORATION SYSTEM, 1200 South Pine Island Road, FL 33324.

## IV. SUMMARY OF FACTS

9. The WRIGHTS have been the object of collection activities arising from consumer debt which are covered under the Florida Consumer Credit Protection Act.

10. The alleged debt was primarily for personal, family or household purposes.

11. The Defendant(s) have engaged in an act or omission prohibited by the FCCPA.

12. The Wrights are each a "Consumer" pursuant to the FCCPA in that they are natural person(s) allegedly obligated to pay an obligation arising out of a transaction where the money, property, insurance or services, which are the subject of the transaction, is primarily for personal, family or household purposes.

13. Each Defendant was a "person" within the meaning of the FCCPA, and in particular as it is used in Fla. Stat. § 559.72.

14. Each Defendant was a "debt collector" within the meaning of 559.55(6), Florida Statutes (2013), in that it uses an instrumentality of interstate commerce or the mails in its business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15. Each Defendant was an "out-of-state consumer debt collector" within the definition established by the FCCPA, Fla. Stat. § 559.55(7) in that its business

activities in Florida involve both collecting or attempting to collect consumer debt from debtors located in this state by means of interstate communication originating from outside this state and also solicits consumer debt accounts for collection form creditors who have a business presence in Florida.

16. The WRIGHTS are each a "Consumer" pursuant to the FDCPA (15 U.S.C. § 1692a) and they are natural person(s) allegedly obligated to pay a debt.

17. The WRIGHTS have been the object of collection activities arising from consumer debt which are covered under the FDCPA

18. The alleged debt pursuant to the FDCPA was primarily for personal, family or household purposes.

19. The Defendants have engaged in an act or omission prohibited by the FDCPA.

20. The FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5).

21. Each Defendant was a debt collector as defined by 15 U.S.C. § 1692a(6) because it was a person who used an instrumentality of interstate commerce or the U.S. Mails in a business whose principal purpose is the collection of debts.

22. Each Defendant was a debt collector as defined by 15 U.S.C. § 1692a(6) because it was a person who used an instrumentality of interstate commerce (telephone system) and the U.S. Mails in a business, to regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

23. Each Defendant was a debt collector as defined by 15 U.S.C. § 1692a(6) because

it was a person who used any instrumentality of interstate commerce or the mails in any business the principal purpose of which was the enforcement of security interests.

24. The WRIGHTS have owned and resided at the subject property located at 96 Adalia Avenue, Tampa, Florida 33606 **since 2005**.  They continue to reside in the home.

25. On **August 26, 2005**, the WRIGHTS obtained a mortgage loan from Homebanc Mortgage Corporation to purchase their principal homestead residence at 96 Adalia Avenue, Tampa, Florida 33606.

26. On **December 14th, 2007**, Homebanc Mortgage Corporation assigns the Mortgage to Mortgage Electronic Registration Systems, Inc. (hereinafter referred to as 'MERS'). *See Exhibit "A"*

27. On **August 5th, 2009**, EMC MORTGAGE CORPORATION, a servicing company for Homebanc Mortgage Corporation, drafted and mailed a letter to the Plaintiff(s) wherein, a **default date of March 1st, 2009** and an **acceleration date** of **September 9th, 2009** was provided on said notice which remains in effect. *See Exhibit "B"*

28. On **February 22nd, 2013**, Defendant, BNYTRUST filed a single count lawsuit [case no.: 2013-CA-003077] against the WRIGHTS, wherein BNYTRUST attempted to enforce a security interest against the Plaintiffs' home by judicial foreclosure further evidencing that the Defendant had accelerated all payments on the consumer debt as well as the maturity of the debt.  *See Exhibit "C"*

29. BNYTRUST filed the aforementioned suit as "successor in interest" to JPMORGAN CHASE BANK, N.A. as "Trustee" for BEAR STEARNS ASSET BACKED SECURITIES, BEAR STEARNS ALT-A TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-2.

30. The complaint attached an alleged original copy of the NOTE with an executed endorsement by an individual by name: Syreeta Butler as 'limited vice president' of, HOMEBANC MORTGAGE CORPORATION stating *"Pay to the Order of JPMORGAN CHASE BANK, N.A."* ***See Exhibit "C"***

31. On **March 25th, 2013**, attorney Mark P. Stoppa, Esq. serves a Notice of Appearance in court case number: 2013-CA-003077, as counsel for the Defendant(s) the WRIGHTS. ***See Notice of Appearance and copy of Court Docket attached hereto as Composite Exhibit "D"***

32. The documents filed by the WRIGHTS' attorney in case number 2013-CA-003077 were docketed by the Clerk of the Court and are publicly available via the Hillsborough Clerk.

33. On **April 18, 2013**, BNYTRUST and MERS fraudulently create and execute an assignment of the mortgage in an attempt to gain standing for BNYTRUST in the State court case no.: 2013-CA-003077, recording the document in Hillsborough County on April 30th, 2013. ***See Exhibit "E"***

34. The aforementioned assignment dated April 18th, 2013, was concealed by Defendant, BNYTRUST and never filed within court case no.: 2013-CA-003077 in either the initial or Amended Complaint.

35. No notice of this Assignment of Mortgage was ever communicated to the WRIGHTS.

36. On **May 1st, 2013**, Mark P. Stoppa, as counsel for the WRIGHTS in the foreclosure suit, case no.: 2013-CA-003077 files a Motion to Dismiss stating that the complaint attaches no record evidence:

[A] That BNYTRUST is either the owner or holder of the note; and
[B] That BNYTRUST has provided no evidence that it is the "successor in interest" to JP MORGAN CHASE BANK, N.A.

37. In short the Plaintiff in said suit, BNYTRUST failed to attach the assignment of the Mortgage [fraudulently effectuated after suit was filed] or proof that BNYTRUST was the valid holder of the Note as no evidence was presented that BNYTRUST was the 'successor in interest' to JPMORGAN CHASE BANK, N.A. *See Copy of Motion to Dismiss attached hereto as Exhibit "F"*

38. On **July 17th, 2013**, JPMORGAN CHASE BANK, N.A. corresponds directly with WRIGHTS to advise of change in servicer to Defendant, SPS. *See Exhibit "G"*

39. On **July 25th, 2013**, Defendant SPS forwards correspondence to the WRIGHTS advising of change in servicer. *See Exhibit "H"*

40. On **August 12th, 2013**, WRIGHTS finally <u>receive</u> a validation of debt notice advising that BNYTRUST is the *"investor who currently owns your mortgage loan"*. *See Exhibit "I"*

41. On **August 15th, 2013**, WRIGHTS receive a statement from SPS. *See Exhibit "J"*

42. On **August 22nd, 2013**, WRIGHTS forward correspondence to SPS, requesting, correspondence only in writing by this entity. *See Exhibit "K"*

43. Additionally on **August 22nd, 2013** an order was entered into in case no.: 2013-CA-003077, GRANTING, the WRIGHTS' Motion to Dismiss allotting, BNYTRUST until September 2nd, 2013 Amend its' Complaint. Se*e Exhibit "L"*

44. Said order specifically states:

*"This case is hereby dismissed without prejudice, except Plaintiff may file*

*and plead a verified more definite statement on or before September 2,
2013, failing which this case shall stand as dismissed without further
Order. Defendant shall have 20 days thereafter in which to serve a
response."*

45. On **August 25, 2013**, Plaintiff, BNYTRUST in case no.: 2013-CA-003077 filed a
Motion for Extension of Time to file an Amended Complaint. (This motion was
never set for hearing).

46. On **September 5th, 2013**, SPS, forwards correspondence communicating for the
first time to the WRIGHTS that BNYTRUST is *"owner of the account"* and that
SPS is the mortgage servicer of the account. ***See Exhibit "L"***

47. On **September 25th, 2013**, SPS forwards correspondence to WRIGHTS attaching
a "certified copy of the original note" which <u>contains no endorsement</u> by Syreeta
Butler as limited vice president of HOMEBANC MORTGAGE CORPORATION
stating *"Pay to the Order of JPMORGAN CHASE BANK, N.A." **See Exhibit "M"
and Exhibit "C"***

48. On **March 4th, 2014**, attorney for the WRIGHTS in case no.: 2013-CA-003077
files a Motion for Protective Order alerting the court that Plaintiff, BNYTRUST
has yet to comply with the court order of August 22nd, 2013 to Amend its'
Complaint.

49. On **April 24th, 2014**, BNYTRUST files its' Amended Complaint in court case
no.: 2013-CA-003077.

50. Both the Original Complaint and the Amended Complaint filed by Defendant,
BNYTRUST sought deficiency judgments from the WRIGHTS.

51. On **April 30th, 2014**, the WRIGHTS forward correspondence to SPS, via U.S.

certified mail no.: 7012 3460 0001 4975 3082 communicating the debt is in dispute and a request to cease & desist any and all communication.   Said correspondence was delivered to SPS on May 5th, 2014.  *See Exhibit "N".*

52. On **May 8th, 2014**, an Order is executed GRANTING the WRIGHTS' Motion to Dismiss in case no.: 2013-CA-003077, stating that the court lacks jurisdiction to proceed. *See Exhibit "O"*

53. On **May 14th, 2014**, SPS forwards a statement to the WRIGHTS.  *See Exhibit "P"*

54.  On **May 29th, 2014**, counsel for WRIGHTS by name of GINGO & ORTH, P.A. forward a debt validation correspondence to SELECT PORTFOLIO SERVICING, INC., via U.S. Certified Mail No.: 7012 3460 0001 4975 3112. *See Exhibit "Q"*

55. On **June 13th, 2014**, SPS forwards a statement directly to WRIGHTS. *See Exhibit "R"*

56. On **July 14th, 2014**, SPS. forwards a statement directly to WRIGHTS. *See Exhibit "S"*

### V. CAUSES OF ACTION

### FIRST CAUSE OF ACTION
[Violation of the FDCPA/ 15 U.S.C. § 1692e(2)]

57. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 – 56 above as if fully set forth herein.

58.   15 U.S.C. § 1692e states in relevant part:

> *"A debt collector may not use any false, deceptive, or misleading representation or    means in connection with the collection of any debt. Without limiting the general    application of the foregoing, the following conduct is a violation of this section:*

> *(2) The false representation of—*

*(A) the character, amount, or legal status of any debt; or…"*

59. By filing the **Amended Complaint** in court case number: 2013-CA-003077 on **April 24th, 2014**, against the WRIGHTS, Defendant, BNYTRUST sought to validate the concealed assignment for the purpose of collecting a deficiency judgment and foreclosing on the WRIGHTS home.

60. Defendant, BNYTRUST in paragraph 4 of the Amended Complaint states that it is now *"the owner and holder of the note and mortgage and is entitled to enforce the note and mortgage".*

61. In its' scheme to conceal the assignment the Defendant, BNYTRUST, has made a false, deceptive and misleading representation as to the legal status of the debt in connection with the collection of same in violation of 15 U.S.C. § 1692e(2).

62. Filing and maintaining the foreclosure action with the use of false statements and evidence constituted a false, deceptive and misleading practice in an attempt to collect a debt.

WHEREFORE, Plaintiffs pray for judgment against THE BANK OF NEW YORK MELLON f/k/a The Bank of New York, as Successor-in-Interest to JPMorgan Chase Bank, N.A. as Trustee for Bear Stearns Asset Backed Securities, Bear Stearns Alta-A Trust, Mortgage Pass Through Certificates Series 2006-2, as follows:

A.   Declare the Defendants' conduct in violation of the FDCPA;
B.   Enjoining Defendants' from continuing to violate the FDCPA;
C.   Actual damages;
D.   Statutory damages;
E.   Court filing costs and service of process costs; and,
F.   Attorney fees and costs.

## SECOND CAUSE OF ACTION
### [Violation of the FDCPA/ 15 U.S.C. § 1692e(5)]

63. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 – 56 above

as if fully set forth herein.

64. 15 U.S.C. § 1692e states in relevant part:

> *"A debt collector may not use any false, deceptive, or misleading representation or     means in connection with the collection of any debt. Without limiting the general     application of the foregoing, the following conduct is a violation of this section:*
>
> > *(5) The threat to take any action that cannot legally be taken..."*

65. By filing the Amended Complaint against the WRIGHTS on April 24th, 2014, in furtherance of its' scheme to conceal the assignment dated April 18, 2013, the Defendant, BNYTRUST, has made a false, deceptive and misleading representation and threatened to take legal action that Defendant(s) could not legally take and is a violation of 15 U.S.C. § 1692e(5).

66. Filing and maintaining the foreclosure action with the use of false statements and evidence constituted a false, deceptive and misleading practice in an attempt to collect a debt.


WHEREFORE, Plaintiffs pray for judgment against THE BANK OF NEW YORK MELLON f/k/a The Bank of New York, as Successor-in-Interest to JPMorgan Chase Bank, N.A. as Trustee for Bear Stearns Asset Backed Securities, Bear Stearns Alta-A Trust, Mortgage Pass Through Certificates Series 2006-2, as follows:

A. Declare the Defendants' conduct in violation of the FDCPA;
B. Enjoining Defendants from continuing to violate the FDCPA;
C. Actual damages;
D. Statutory damages;
E. Court filing costs and service of process costs; and,
F. Attorney fees and costs.

**THIRD CAUSE OF ACTION**
**[Violation of the FDCPA/ 15 U.S.C. § 1692e(10)]**

67. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 - 56 above

as if fully set forth herein.

68. 15 U.S.C. § 1692e states in relevant part:

> *"A debt collector may not use any <u>false, deceptive, or misleading</u>
> <u>representation</u> or    means in connection with the collection of any
> debt. Without limiting the general    application    of    the
> foregoing, the following conduct is a violation of this section:*

> *(10) The use of any false representation or deceptive means to
> collect or attempt to collect any debt or to obtain information
> concerning a consumer."*

69.   By filing the Amended Complaint against the WRIGHTS on April 24th, 2014,

70. in furtherance of its' scheme to conceal the assignment dated April 18, 2013, the

Defendant, BNYTRUST, has used deceptive means in an attempt to collect or

attempt to collect the debt in violation of 15 U.S.C. § 1692e(10).

71. Filing and maintaining the foreclosure action with the use of false statements and

evidence constituted a false, deceptive and misleading practice in an attempt to

collect a debt.


WHEREFORE, Plaintiffs pray for judgment against THE BANK OF NEW YORK

MELLON f/k/a The Bank of New York, as Successor-in-Interest to JPMorgan Chase

Bank, N.A. as Trustee for Bear Stearns Asset Backed Securities, Bear Stearns Alta-A

Trust, Mortgage Pass Through Certificates Series 2006-2, as follows:

A.   Declare the Defendants' conduct in violation of the FDCPA;
B.   Enjoining Defendants from continuing to violate the FDCPA;
C.   Actual damages;
D.   Statutory damages;
E.   Court filing costs and service of process costs; and,
F.   Attorney fees and costs

### FOURTH CAUSE OF ACTION
Violations of the *Florida* Consumer Collection Practices Act
[Violation of § 559.72(9)]

72. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 - 56 above

as if fully set forth herein.

73. Florida Statute § 559.72(9) states in relevant part:

> *"Prohibited practices generally.-In collecting consumer debts, no person shall:*
>
> *....(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or <u>assert the existence of some other legal right when such person knows that the right does not exist.</u>"*

74. By filing a suit in an attempt to collect a deficiency judgment against the

WRIGHTS on February 22nd, 2013, without the subject authority, i.e. without first

securing the assignment of the Note from MERS to Defendant, BNYTRUST has

made a claim which they knew they did not have the legal right to at the time in

violation of Florida Statute § 559.72(9).

75. Florida Statutes § 559.77(2) provides in part:

> *"the court shall consider the nature of the defendant's noncompliance with s. <u>559.72</u>, the frequency and persistence of the noncompliance, and **the extent to which the noncompliance was intentional**...The court may award punitive damages and may provide such equitable relief as it deems necessary or proper, including enjoining the defendant from further violations of this part."*

76. By filing and maintaining the foreclosure action with the use of false statements and evidence constituted a false, deceptive and misleading practice in an attempt to collect a debt.

WHEREFORE, Plaintiffs pray for judgment against THE BANK OF NEW YORK MELLON f/k/a The Bank of New York, as Successor-in-Interest to JPMorgan Chase Bank, N.A. as Trustee for Bear Stearns Asset Backed Securities, Bear Stearns Alta-A Trust, Mortgage Pass Through Certificates Series 2006-2 as follows:

A.  Declare the Defendants' conduct in violation of the FCCPA;
B.  Enjoining Defendants from continuing to violate the FCCPA;
C.  Actual damages;
D.  Statutory damages;
E.  Punitive damages;
F.  Court filing costs and service of process costs; and,
G.  Attorney fees and costs

### FIFTH CAUSE OF ACTION
**[Violation of FCCPA § 559.72(18)] by SPS**

78.  Plaintiffs repeat and reallege the allegations contained in paragraphs 1 - 56 above as if fully set forth herein.

79. Florida Statue § 559.72(18) provides, in part: *"In collecting consumer debts, no person shall:*

> *(18) Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person unless the debtors' attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication."*

80. Defendant SPS, knew/ or should have known that the WRIGHTS were represented by counsel Mark Stoppa, Esq. on **August 15th, 2013** and as such the

statement forwarded in collection of the debt is a violation of Florida Statute §

559.72(18).  ***See Composite Exhibit "D" & "J"***

WHEREFORE, Plaintiffs pray for judgment against SPS, as follows:

A.    Declare the Defendant's conduct in violation of the FCCPA;
B.    Enjoining Defendant from continuing to violate the FCCPA;
C.    Actual damages;
D.    Statutory damages;
E.    Court filing costs and service of process costs; and,
F.    Attorney fees and costs


## SIXTH CAUSE OF ACTION
### [Violation of FCCPA § 559.72(18)] by SPS

81.  Plaintiffs repeat and reallege the allegations contained in paragraphs 1 - 56 above

as if fully set forth herein.

82. Florida Statue § 559.72(18) provides, in part: " *In collecting consumer debts,*

*no person shall:*

> *(18) Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person unless the debtors' attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.*

83. Defendant  SELECT  PORTFOLIO  SERVICING,  INC.  knew/ or  should  have

known that the WRIGHTS were represented by counsel Gingo & Orth, P.A. on

**June 13th, 2014** and as such the statement forwarded in collection of the debt is a

violation of Florida Statute § 559.72(18).  ***See Exhibits "U" & "V"***

WHEREFORE, Plaintiffs pray for judgment against SELECT PORTFOLIO SERVICING, INC., as follows:

A.   Declare the Defendant's conduct in violation of the FCCPA;
B.   Enjoining Defendant from continuing to violate the FCCPA;
C.   Actual damages;
D.   Statutory damages;
E.   Court filing costs and service of process costs; and,
F.   Attorney fees and costs

## SEVENTH CAUSE OF ACTION
### [Violation of FCCPA § 559.72(18)] by SPS

84. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 - 56 above

as if fully set forth herein.

85. Florida Statue § 559.72(18) provides, in part: " *In collecting consumer debts,*

*no person shall:*

> *(18) Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person unless the debtors' attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.*

86. Defendant SELECT PORTFOLIO SERVICING, INC. knew/ or should have

known that the WRIGHTS were represented by counsel Gingo & Orth, P.A. on

**July 14th, 2014** and as such the statement forwarded in collection of the debt is a

violation of Florida Statute § 559.72(18).   ***See Exhibits "U" & "W"***

WHEREFORE, Plaintiffs pray for judgment against SELECT PORTFOLIO SERVICING, INC., as follows:

A.   Declare the Defendant's conduct in violation of the FCCPA;

B.    Enjoining Defendant from continuing to violate the FCCPA;
C.    Actual damages;
D.    Statutory damages;
E.    Court filing costs and service of process costs; and,
F.    Attorney fees and costs

### EIGHTH CAUSE OF ACTION
**Violations of the FDCPA by SPS**
**[Violation of 15 U.S.C. § 1692c(a)(2)]**

87. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 - 56 above

as if fully set forth herein.

88. 15 U.S.C. § 1692c(a)(2) states in part:

> *"Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of , or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication form the debt collector or unless the attorney consents to direct communication with the consumer;"*

89. Defendant SPS knew/ or should have known that the WRIGHTS were

represented by counsel Mark Stoppa, Esq. and Gingo & Orth, P.A. on the dates

of: **August 15, 2013, June 13th, 2014 and July 14th, 2014** and as such the

statement(s) forwarded in collection of the debt are in violation FDCPA, 15 U.S.C.

§ 1692c(a)(2). ***See Exhibit(s): "D", "J", "U", "V" & "W".***

WHEREFORE, Plaintiffs pray for judgment against SELECT PORTFOLIO
SERVICING, INC., as follows:

A.    Declare the Defendant's conduct in violation of the FDCPA;
B.    Enjoining Defendant from continuing to violate the FDCPA;
C.    Actual damages;

D.   Statutory damages;
E.   Court filing costs and service of process costs; and,
F.   Attorney fees and costs


## NINTH CAUSE OF ACTION
### RICO / 18 U.S.C. § § 1962-68
### BNYTRUST

90. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 - 56 above
    as if fully set forth herein.

91. On April 18, 2013, Defendant, BNYTRUST conspired to draft and execute a
    fraudulent assignment of mortgage in an attempt to gain standing in a law suit it
    had already filed against the Plaintiff(s), WRIGHTS on February 22nd, 2013.

92. The fraudulent scheme in executing the assignment was in furtherance of
    Defendant, BNYTRUST's scheme to seize the WRIGHTS' property through
    foreclosure.

93. Defendant, BNYTRUST used both the United States Postal Service/ Mail and
    wire communications several times in furtherance of the fraudulent racketeering
    scheme to procure the WRIGHTS' property, by communication and recording of
    the assignment in question.

94. Defendant, BNYTRUST has engaged in similar malfeasance in other foreclosure
    proceedings all with the aim of obtaining title to several properties not rightfully
    theirs.[1] i.e. a pattern of racketeering activity.

95. By filing the initial complaint on February 22nd, 2013 in State court case no:

---

[1] See online article on THE BANK OF NEW YORK MELLON v. THERESA SHAFFER case
attached hereto as Exhibit "X"

2013-CA-003077 without the subject authority i.e. without an assignment from MERS to BNYTRUST, Defendant, BNYTRUST made material misrepresentations both to the State court and the WRIGHTS and fraudulently misrepresented its' interest in the foreclosure action.

96. As a result Plaintiffs the WRIGHTS have incurred damages by the **improper foreclosure litigation** brought by Defendant, BNYTRUST when compelled to defend their interest in the subject property and have accordingly incurred injury / damages in the form of attorney's fee(s) and costs expended in defense of court case no.: 2013-CA-003077.

WHEREFORE, Plaintiffs pray for judgment against THE BANK OF NEW YORK MELLON f/k/a The Bank of New York, as Successor-in-Interest to JPMorgan Chase Bank, N.A. as Trustee for Bear Stearns Asset Backed Securities, Bear Stearns Alta-A Trust, Mortgage Pass Through Certificates Series 2006-2, as follows:

A. Declare the Defendants BNYTRUST conduct a pattern of racketeering pursuant to18 U.S.C. § 1962(b); that includes wire fraud, pursuant to18 U.S.C. § 1343; and mail fraud pursuant to18 U.S.C. § 1341.
B. Declare the Defendants BNYTRUST conduct a prohibited act pursuant to 18 U.S.C. § 1962.
C. Declare the Defendant liable for treble damages incurred (attorney's fees and costs incurred in the State case no.: 2013-CA-003077) by the Plaintiffs in defending the improper foreclosure litigation pursuant to 18 U.S.C. § 1964(c).
D. Declare the Defendant liable for Attorney's fees and costs incurred in filing this suit pursuant to 18 U.S.C. § 1964(c).

## TENTH CAUSE OF ACTION
### RICO / 18 U.S.C. § § 1962-68
### MERS

97. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 - 56 and 90

– 95 above as if fully set forth herein.

98. Defendant, MERS has conspired along with Defendant, BNYTRUST to violate

to18 U.S.C. § 1962(b) by execution of the assignment "after" a foreclosure suit

was filed against the WRIGHTS.


WHEREFORE, Plaintiffs pray for judgment against MORTGAGE

ELECTRONIC REGISTRATION SERVICES, as follows:

A.   Declare the Defendant MERS as a co-conspirator pursuant to 18 U.S.C. § 1962(d) with Defendant BNYTRUST in a pattern of racketeering pursuant to18 U.S.C. § 1962(b); to 18 U.S.C. § 1343; and to18 U.S.C. § 1341.

B.   Declare the Defendant MERS conduct a prohibited act pursuant to 18 U.S.C. § 1962.

C.   Declare the Defendant, MERS liable for treble damages incurred (attorney's fees and costs incurred in the State case no.: 2013-CA-003077) by the Plaintiffs in defending the improper foreclosure litigation pursuant to 18 U.S.C. § 1964(c).

D.   Declare the Defendant, MERS liable for attorney's fees and costs incurred in filing this suit pursuant to 18 U.S.C. § 1964(c).


## ELEVENTH CAUSE OF ACTION
### VIOLATION OF T.I.L.A. / 15 U.S.C. § 1641(g)(1)

98. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 - 56

above as if fully set forth herein.

99. Defendant, BNYTRUST failed to properly comply with 15 U.S.C. §

1641(g)(1), as it never advised the Plaintiffs, WRIGHTS in writing of the

assignment from MERS to BNYTRUST within 30 days of April 18th, 2013.

100.  The TILA violation is subject to equitable tolling as Defendant, BNYTRUST

(a) deliberately concealed the existence of the assignment in furtherance of its'

scheme to gain standing in the State action where it had no standing or in the

alternative (b) opened itself to liability via equitable tolling of the TILA action by

filing an Amended Complaint on or about April 24th, 2014.

WHEREFORE, Plaintiff(s) pray for judgment against Defendant: THE BANK OF

NEW YORK MELLON f/k/a The Bank of New York, as Successor-in-Interest to

JPMorgan Chase Bank, N.A. as Trustee for Bear Stearns Asset Backed Securities, Bear

Stearns Alta-A Trust, Mortgage Pass Through Certificates Series 2006-2 as follows:

A.   Declare the Defendant BNYTRUST, concealed the assignment in question from the Plaintiffs, WRIGHT and as such the underlying TILA violation is equitably tolled as commencing upon the filing of the Amended Complaint filed on April 24th 2014 in court case no.: 2013-CA-003077.

B.   Declare Defendant, BNYTRUST, liable for its' TILA violation in the failure to communicate in writing to the WRIGHTS as the new assignee of the subject mortgage within 30 days of April 18th, 2013 (date assignment executed) pursuant to 15 U.S.C. § 1641(g)(1).

C.   Declare Defendant, BNYTRUST liable for statutory damages in the amount of $4,000.00 for its' TILA violation pursuant to 15 U.S.C. § 1640(a)(2)(A)(iv).

D.   Declare Defendant, BNYTRUST liable for actual damages to Plaintiffs, WRIGHTS (damages incurred in defending the foreclosure action State court case no.: 2013-CA-003077) due to the improper litigation, pursuant to TILA 15 U.S.C. § 1640(a)(1).

E.   Declare Defendant, BNYTRUST liable to Plaintiffs, WRIGHTS for attorney's fees and costs associated with bringing this action pursuant to TILA, 15 U.S.C. § 1640(a)(3).

## TWELFTH CAUSE OF ACTION
### VIOLATION OF FLORIDA STATUTES

101.   Plaintiffs repeat and reallege the allegations contained in paragraphs 1 - 56

above as if fully set forth herein.

102.   Defendant, BNYTRUST failed to comply with Florida Statute § 559.715

which states:

> *"Assignment of consumer debts. – ....the assignee must give the debtor written notice of such assignment as soon as practical after the assignment is made, but at least 30 days before any action to collect the debt."*

103.   Defendant, BNYTRUST as assignee to the subject mortgage failed to give,

Plaintiffs, WRIGHTS written notice of the assignment, prior to the filing of the

Amended Complaint.

104.   Additionally, Defendant, BNYTRUST in filing the initial complaint of

February 22nd, 2013 is in violation of Florida Statute § 559.72(9) which states:

> *"In collecting consumer debts, no person shall...(9)   Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist."*

WHEREFORE, Plaintiffs pray for judgment against THE BANK OF NEW YORK

MELLON f/k/a The Bank of New York, as Successor-in-Interest to JPMorgan Chase

Bank, N.A. as Trustee for Bear Stearns Asset Backed Securities, Bear Stearns Alta-A

Trust, Mortgage Pass Through Certificates Series 2006-2 as follows:

A.   Declare the Defendants' conduct in violation of the Florida Statute(s) § 559.72(9); and  § 559.715
B.   Actual damages incurred in defending the suit filed in the State court case no.: 2013-CA-003077;

C.   Statutory damages in the amount of $1,000.00 pursuant to Florida Statute §
     559.77(2);

D.   Punitive damages pursuant to Florida Statute pursuant to Florida Statute §
     559.77(2); and

E.   Attorney fees and costs associated with this case pursuant to Florida Statute §
     559.77(2).

## VI.   DEMAND FOR TRIAL BY JURY

Plaintiffs demand a trial by jury.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing has
been furnished via the following manner, this **8th day of October, 2014**, to the following:

Stephanie McAlister, Esq.
201 S. Biscayne Blvd., Suite 1000
Miami, FL 33131-4327
smcalister@wargofrench.com
Attorney for JP Morgan Chase

R. Carter Burgess, Esq.
10407 Centurion Parkway N., Suite 200
Jacksonville, FL 32256
cburgess@mcglinchey.com
mmoreau@mcglinchey.com
Attorney for Defendant(s), THE BANK OF NEW YORK MELLON f/k/a The Bank of
New York, as Successor-in-Interest to JPMorgan Chase Bank, N.A. as Trustee for Bear
Stearns Asset Backed Securities, Bear Stearns Alta-A Trust, Mortgage Pass Through
Certificates Series 2006-2; and SELECT PORTFOLIO SERVICING, INC.

and provided for service of process upon:

Defendant, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.'s
registered agent C T CORPORATION SYSTEM, 1200 South Pine Island Road, FL
33324.

Jorge L. Montero, Esq.
"Plaintiff's Lead Counsel"
Florida Bar Number: 0608491
MONTERO JUSTICE, P.A.
P.O. BOX 582004
Kissimmee, FL 34758
Phone: (407) 966-3092
Fax:    (407) 386-8180
E-Mail Address: monterodocuments@gmail.com

/s/ George Gingo
George Gingo, FBN 879533
James E. Orth, Jr. FBN 75941
Gingo & Orth, P.A.
400 Orange Street
Titusville, FL 32796
(321) 264-9624
(866) 311-9573 (Fax)
gingo.george@gmail.com
jamesorthlaw@gmail.com