**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CHARLES E. WRIGHT and**
**DIANE R. WRIGHT,**

    Plaintiffs,

v.                                                       Case No.  8:14-cv-2298-T-30TGW

**SELECT PORTFOLIO SERVICING,**
**INC., et al.,**

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants' Motion to Dismiss Amended Complaint (Dkt. 31) and Plaintiffs' Response (Dkt. 38).  The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be granted in part and denied in part.

## BACKGROUND

This action stems from a foreclosure action that Defendant The Bank of New York Mellon f/k/a The Bank of New York, as successor-in-interest to JPMorgan Chase Bank, N.A., as trustee for Bear Stearns Asset Backed Securities, Bear Stearns Alt-A-Trust, Mortgage Pass-Through Certificates Series 2006-2 ("BONY") filed against Plaintiffs Charles E. Wright and Diane R. Wright in Florida state court.  Specifically, on February 22, 2013, BONY filed the foreclosure action against the Wrights based on their purported default on their residential mortgage.  In the foreclosure action, the Wrights challenged BONY's

standing, arguing that BONY failed to explain how it became the holder of the subject note and mortgage. The state court permitted BONY to amend its complaint to explain its standing. On or about April 18, 2013, an assignment of the subject mortgage was executed by Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") and recorded in the public records in and for Hillsborough County.

BONY's amended foreclosure complaint was ultimately filed on April 24, 2014, after the deadline to amend. As such, the state court dismissed the foreclosure action.

The Wrights filed this action in state court on or about August 12, 2014. Defendants removed the action to this Court. The Wrights assert various claims against Defendants BONY and MERS premised on BONY's filing of the foreclosure action and BONY and MERS' purported false statements made in connection with the foreclosure action. The Wrights allege that BONY and MERS fraudulently obtained an assignment of mortgage so that BONY could achieve standing in the foreclosure action.

With respect to Defendant Select Portfolio Servicing, Inc. ("SPS"), the Wrights claim that SPS sent debt-collection communications to the Wrights after SPS was aware that the Wrights were represented by counsel in connection with the debt.

In sum, the Wrights' amended complaint alleges claims against Defendants under the Fair Debt Collection Practices Act ("FDCPA"), the Florida Consumer Collection Practices Act ("FCCPA"), the Truth in Lending Act ("TILA"), and the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Defendants move to dismiss the amended complaint in its entirety. The motion is granted in part and denied in part as explained below.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted. When reviewing a motion to dismiss, a court must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). However, unlike factual allegations, conclusions in a pleading "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). On the contrary, legal conclusions "must be supported by factual allegations." *Id.* Indeed, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

Under Federal Rule of Civil Procedure 10(c), exhibits attached to a complaint are considered a part of the complaint for all purposes, including a Rule 12(b)(6) motion.

**DISCUSSION**

**I.     Claims against BONY**

  A.     <u>BONY's argument that the FDCPA claims (Counts I-III) are time-barred</u>.

Counts I, II, and III of the amended complaint allege that BONY violated the FDCPA by engaging in false, deceptive, and misleading practices to collect a debt. Specifically, the Wrights allege that BONY violated the FDCPA by: (1) filing and maintaining the foreclosure action against them in state court; (2) fraudulently drafting and executing the assignment; and

(3) filing the amended foreclosure complaint. BONY argues that these claims fail as a matter of law because they are barred by the statute of limitations. The Court agrees.

An action brought pursuant to the FDCPA must be brought within one year of the date on which the alleged violation occurred. *See* 15 U.S.C. § 1692k(d). This action was filed on or about August 12, 2014. The Wrights' claims under the FDCPA against BONY stem from BONY's filing of the foreclosure action in February 2013, and the alleged fraudulent assignment that was executed in April 2013. Both of these actions occurred more than one year prior to the filing of this action. The Wrights' response, although not a model of clarity, focuses merely on BONY's amended complaint, filed in the foreclosure action on April 24, 2014. In other words, the Wrights argue that this action is timely because it was commenced within one year of the filing of BONY's *amended* complaint. This argument fails because the date the foreclosure action was commenced is the date the statute of limitations began to run. *See Zenon v. Palisades Collection, LLC,* No. 8:07-cv-21198-T-30MAP, 2008 WL 506231, at *1 (M.D. Fla. Feb. 21, 2008) (Moody, J.).

Also, even assuming that the execution of the alleged fraudulent assignment constituted a separate violation of the FDCPA, it too is time-barred because this action was filed more than one year after the April 2013 assignment and the recording of same. Accordingly, Counts I-III are dismissed with prejudice as time-barred.

    B.    <u>BONY's argument that the FCCPA claim, Count IV, is barred by the Florida litigation privilege</u>.

Count IV of the amended complaint alleges that BONY violated the FCCPA by filing the foreclosure action on February 22, 2013. As BONY points out, this claim is barred by

the Florida litigation privilege. The Wrights essentially concede this point because they have agreed to withdraw this claim. Accordingly, Count IV is dismissed with prejudice.

  C. <u>BONY's argument that the FCCPA claim, Count XII, fails because there is no private right of action</u>.

Count XII of the amended complaint alleges that BONY failed to give the Wrights notice of the assignment of the debt within thirty days as required under Florida Statute § 559.715. BONY argues that there is no private or separate cause of action for a violation of section 559.715. The Wrights agree to withdrawal of this claim. Accordingly, Count XII is dismissed with prejudice.

  D. <u>BONY's argument that the RICO claim, Count IX, fails to state a claim</u>.

Count IX of the amended complaint alleges that BONY violated RICO by conspiring to draft and execute a fraudulent assignment, as well as engaging in mail fraud and wire fraud. BONY argues that the Wrights' allegations with respect to this claim are "threadbare." As such, the claim is insufficient under Rule 12(b)(6). The Court agrees. The allegations fall woefully short of establishing a RICO claim.

The Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968, permits "any person injured in his business or property by reason of a violation of [18 U.S.C. § 1962]" to bring a civil suit against the violator. 18 U.S.C. § 1964(c). One may be liable under the RICO statute if he uses or invests income derived "from a pattern of racketeering activity" to acquire an interest in or to operate an enterprise engaged in interstate commerce under section 1962(a); if he acquires or maintains an interest in or control of such an enterprise "through a pattern of racketeering activity" under section 1962(b); if, while

employed by or associated with such an enterprise, he conducts or participates in the conduct of its affairs "through a pattern of racketeering activity" under section 1962(c); or if he "conspir[es] to violate any of the provisions of subsections (a), (b), or (c)" under section 1962(d). RICO defines "racketeering activity" to mean "any act or threat involving" enumerated state-law crimes, any "act" indictable under certain specified federal statutes, and various federal "offenses." 18 U.S.C. § 1961(1). In order to establish a "pattern of racketeering activity," the statute requires proof of "at least two acts of racketeering activity" within a 10-year period. 18 U.S.C. § 1961(5). A person found to have violated RICO in a civil action is liable for treble damages, costs and attorney's fees. 18 U.S.C. § 1964(c).

The Wrights do not allege any facts sufficient to support a RICO claim. As BONY points out, they do not plead predicate acts of mail or wire fraud. The Wrights also make general claims of fraud and concealment without alleging any specific facts in support of same. Further, the Wrights have not pled the existence of an enterprise. Simply put, this claim is essentially derived of "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts." As such, Count IX is dismissed without prejudice. Although the Court will permit the Wrights to amend this claim, the Court believes further amendment will likely be futile and strongly advises Plaintiffs to be mindful of their Rule 11 obligations if they choose to amend this claim. *See* Fed. R. Civ. P. 11.

      E.      <u>BONY's Argument that the TILA claim, Count XI, is time-barred</u>.

Count XI of the amended complaint asserts that BONY violated the TILA, 15 U.S.C. § 1641(g)(1), by failing to advise the Wrights of the assignment within thirty days. BONY argues that this claim is barred by the statute of limitations. The Court agrees.

The TILA requires the new owner of a debt to notify the borrower of the transfer of ownership of the debt within thirty days of the transfer. *See* 15 U.S.C. § 1641(g). A claim under section 1641(g) must be brought within one year of the occurrence of the violation. *See* 15 U.S.C. § 1640(e). This statute of limitations is subject to equitable tolling. *See Ellis v. Gen. Motors Acceptance Corp.,* 160 F.3d 703, 706 (11th Cir. 1998). "'Equitable tolling' is the doctrine under which plaintiffs may sue after the statutory time period has expired if they have been prevented from doing so due to inequitable circumstances." *Id.*

The Wrights allege that BONY filed a complaint for foreclosure as the new owner of the subject debt on February 22, 2013. The Wrights did not initiate this suit alleging that BONY failed to notify them of the transfer of the ownership of the debt until August, 2014. Thus, even if the Wrights can show that BONY did not comply with the TILA when it executed the assignment dated April 18, 2013, the Wrights cannot rely on equitable tolling because they were aware, as early as February 22, 2013, of the transfer of ownership.

Also, the Wrights do not allege any facts indicating that they were denied access to the assignment or that BONY took any affirmative efforts to conceal the assignment. Indeed, the attachments to the amended complaint reflect that BONY always maintained in the foreclosure action that it was the owner of the debt. And the amended complaint alleges that

the assignment was recorded in the Hillsborough County public records shortly after it was executed. Accordingly, Count XI is dismissed with prejudice as time-barred.

## II. Claim Against MERS

The Wrights assert one claim against MERS in Count X of the amended complaint: a claim that MERS conspired with BONY to violate RICO by execution of the assignment after the foreclosure action was filed. This claim is dismissed for the same reasons that the Court dismissed the RICO claim against BONY. Simply put, the amended complaint fails to allege sufficient factual allegations in support of a RICO claim. There are no facts that support the existence of an agreement between MERS and BONY to create and execute a "fraudulent" assignment. The amended complaint merely alleges that MERS was a party to the execution of the assignment. Thus, Count X is dismissed without prejudice. Again, it is worth repeating that, although the Wrights may amend this claim, any amendment must comply with Rule 11. Under the currently pled facts, the Court finds it doubtful that a RICO claim can be sufficiently pled.

## III. Claims Against SPS

Counts V-VIII of the amended complaint allege that SPS violated the FCCPA and the FDCPA when it directly sent the Wrights three monthly mortgage statements in an attempt to collect a consumer debt after receiving notice that the Wrights were represented by counsel. *See* Fla. Stat. §559.72(18) and 15 U.S.C. § 1692c(a)(2). Section 559.72(18) and section 1692c(a)(2) provide that a debt collector, in collecting consumer debts, shall not communicate with a debtor if the person knows that the debtor is represented by an attorney

with respect to such debt. The Court has reviewed the attachments to the amended complaint with respect to these claims and concludes that Count V should be dismissed with prejudice, but Counts VI-VIII are sufficiently pled.

The Court dismisses Count V with prejudice because the notice of appearance filed in the foreclosure action by Mark Stoppa, Esq. on March 25, 2013, was insufficient as a matter of law to place SPS on notice that the Wrights were represented by counsel with respect to their debt. SPS was not a party to the foreclosure and Stoppa was the Wrights' foreclosure counsel; he was not counsel with respect to the collection of the debt. Thus, the August 15, 2013 statement SPS sent to the Wrights cannot be in violation of the FDCPA or the FCCPA because it was mailed *before* SPS was placed on notice that the Wrights were represented by counsel with respect to the subject debt. As such, Count V is dismissed with prejudice.

Counts VI-VIII allege a claim at this stage with respect to the June 13, 2014 and July 14, 2014 statements because these statements were mailed directly to the Wrights *after* SPS received a letter from the Wrights' counsel, Gingo & Orth, P.A., notifying SPS that Gingo & Orth, P.A. represented the Wrights with respect to the debt. SPS' arguments in favor of dismissal with prejudice are more appropriate at the summary judgment stage.

It is therefore **ORDERED AND ADJUDGED** that:

1. Defendants' Motion to Dismiss Amended Complaint (Dkt. 31) is granted in part and denied in part for the reasons stated herein.

2. The following Counts of the Amended Complaint are dismissed **with prejudice**: Counts I, II, III, IV, V, XI, and XII.

3. The following Counts of the Amended Complaint are dismissed **without prejudice**: Counts IX and X. Plaintiffs may file an amended complaint within fourteen (14) days of this Order <u>solely to allege additional facts in support of these claims</u>. Plaintiffs should be mindful of the Court's discussion of these claims and should file an amended complaint <u>only if Plaintiffs can allege sufficient facts in support of these claims</u>.

4. Counts VI, VII, and VIII are not dismissed.

5. If Plaintiffs fail to file an amended complaint within the deadline stated herein, the Court will terminate BONY and MERS as parties and this case will proceed under Counts VI, VII, and VIII against SPS.

6. If Plaintiffs fail to file an amended complaint within the deadline stated herein, SPS shall file its answer to Counts VI, VII, and VIII within twenty-one (21) days of this Order.

**DONE** and **ORDERED** in Tampa, Florida on February 2, 2015.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copies furnished to:</u>
Counsel/Parties of Record

S:\Even\2014\14-cv-2298.mtdismiss31-grant in part.wpd